By the Court.—Sedgwick, J.
As to cases like the present, of goods insured free from particular average, Wallerstein v. Columbian Insurance Co. (44 N. Y. 222) did not hold that when part only of the goods have been landed after a disaster, the insurer will remain liable, if the part is so damaged as to be without value. It decided that when the ship sank with the coffee on board, there was a total loss of the coffee. The opinion should be referred to, to ascertain whether this was determined on rules applicable to actual or to constructive loss. It was on the latter, probably. The opinion says-: “ While thus exposed to the peril of a total loss, the master abandons the vessel, and notice is given to the underwriter and then proceeds to state that “ the loss of the coffee was total, and the right to recover became fixed, when the abandonment was made. The rescue of a portion of the contents of the vessel, with whatever motive it was done, did not undo what was already done. It could not convert into a partial loss that which, under the circumstances detailed, the law adjudged to be total.” The decision would have been the same if the insurer, by some accident, had been able to land a part of the coffee in a sound state, provided, it may perhaps be reserved, the value of that part was not great enough to show that there was no constructive total loss.
The court did not declare the law to be, that a destruction of all value to the owner was in itself a total actual loss. It said that in cases like the present, the chief question has been, whether there must be an *121 actual, total, physical loss of the thing insured, or whether there may be a constructive total loss; whether there must be demolition or annihilation, or whether a destruction of all value to the owner, and hence a total loss to him, is sufficient. The current of authorities, both in this country and in England, as well as the conclusion of elementary writers, is in favor of the doctrine of constructive loss. This reasoning, of course, involved the necessity of the insured abandoning the goods, to enable him to recover as for a total loss ; and it was said “ the notice of abandonment must be given while the whole is in peril, and in a reasonable time.”
In this case, the burden of proof was upon the plaintiff to show .sufficient facts to make the total loss claimed, and among these, that the abandonment was made at such time that the partial loss was to be deemed total by law. There was no proof to show, satisfactorily, that the notice of abandonment was sent before there had been any goods landed, after the disaster. The testimony seems to show that eighty barrels of potatoes had been landed before the witness Pilleori went to the boat, and before January 4, when the notice was sent.
If the proposition were valid that these eighty barrels must be disregarded, because they had no value after the expense's in regard to them were deducted from their damaged value, the facts would not sustain it. These potatoes were damaged to the extent of one-half of their sound value. The evidence does not show what were the expenses of getting them out of the sunken boat, and which were to be charged to them. Of course, to reduce the value of these eighty barrels, charges cannot be made, which would have to be borne if they were delivered to the owner in a sound state, nor should the whole of the pumping out the boat be borne by this particular lot. This last was to *122 be borne by the whole cargo, if not also by the boat. If the improper charges were not made, as the proof stands, the eighty barrels, when landed, were nearly, if not quite, worth fifty per cent, of the sound value, and the evidence does not show any deduction that should be made.
Moreover, to prove an abandonment, it is not sufficient to prove only a notice of abandonment. In addition, there should be proof of an acceptance of the abandonment, or, in case the insurers do not accept, the owners must hold the property in behalf and for the interest of the insurers. If they hold and use or treat the property as their own, it will amount to a waiver of the abandonment (2 Par. Mar. Ins. 190; Waldens v. Phoenix Ins. Co., 5 Johns. 325). There is no doubt, that very slight facts will show that after a notice the insured held the property as agent or trustee of the insurer, or that, all other things being regular, the holding and the dealing will be presumed to be for the insurers. In the present case, however, the way in which the owners dealt with the property shows that they exercised the dominion of owners in their own right. The careless manner of selling the potatoes, the nature of the contracts they made, and the entire omission to consult the insurers, who were at hand, show this. For this reason, either the abandonment was never consummated, or, if it is assumed to have been, there was a waiver of it by the owners.
As there was no abandonment, there could be no recovery, unless the plaintiff, proved that there had been an actual total loss. On this point, the position most favorable to the plaintiff is, that there was a total destruction of value, by reason of the disaster, taking into account the expenses necessarily incurred that were caused by the disaster. The burden of proof is on the plaintiff, and no such destruction of value was shown. There was no testimony as to what expenses the disas *123 ter had caused. There were some vague statements, as to the result of sales, but in these statements it was possible to find the amount of the expenses. The general description of the amount of damage was vague and insufficient. At least, there were one thousand barrels of potatoes taken from Yonkers to New York, and sold in the latter place, at private sale, and the most satisfactory thing said by the person who removed them and sold them, is that he got enough to pay him for his expenses and his time.
It is not necessary to decide that the defendant would or would not have been liable, if there had been an abandonment. The plaintiff could not recover without an abandonment.
The exceptions taken by the defendant’s counsel, at the trial, raised the points that have been examined. It is not necessary to state them in detail.
Judgment and order denying motion for new trial reversed and new trial ordered, with costs of the appeal to appellant to abide the event.
Freedman, J., concurred.